UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **RESPONDENT**. | : | **APPEAL NO.** |
| | : | **13:14112-B** |
| **VS.** | : | |
| | : | **CIVIL NO.** |
| **PIERRE ERNEST FALGOUT III,** | : | **6:10-CV-08037-RDP-JHE** |
| | : | |
| **PETITIONER.** | : | |
| | : | |

**MOTION FOR RECONSIDERATION OF AND TO VACATE ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**

COMES NOW, Petitioner Pierre Ernest Falgout, by and through undersigned counsel and files this Motion for Reconsideration of and to Vacate Order Denying Certificate of Appealability pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Eleventh Circuit R. 27-2.

I.   **The Errors in Order Denying Certificate of Appealability**

This Honorable Court denied Petitioner's Certificate of Appeal from a Petitioner's § 2255 Petition on December 19, 2013 (hereafter, the "Denial). The Denial reiterates the District Court's findings on the issues presented in the § 2255 Petition but does not address the constitutional violations advanced in the COA

from that denial. Specifically, the Denial does not address the errors Petitioner raised with the District Court's findings relating to the constitutional and legal rights of defendants to be told that the maximum sentence on any one count could end up running consecutive to other counts pled to in order to achieve a sentence or a sentence established by the guidelines. This condition is particular to the court believing consecutive time was mandated creating a serious due process question and significant collateral consequences unknown to the petitioner. Rule 11 requires proper advice be given on **all consequences** to a defendant **before** pleading guilty.

The main issues presented for consideration of granting a COA revolve around whether counsel at the plea, or the court, is required to advise a defendant of the maximum possible consequence. In this case in was more than just possible since the court felt such a sentence was mandated to reach a guideline sentence. One of the issues presented in the COA dealt specifically with whether the court should so advise in light of the sentencing courts comment at sentencing that such consecutive time was mandated by the guidelines which in and of itself would be error and violated Rule 11. (COA Issue B).

First, to the extent that the claims relate to the ineffective assistance of appellate counsel, this Court's analysis in the Denial overlooks the crucial fact that appellate counsel was the same as plea counsel. (Denial p. 4). Therefore, counsel could not have raised the voluntariness of the plea on direct appeal because he

would have had to recognize and raise his own ineffectiveness. This is something that counsel is not and cannot be expected to do. *Cf. Garland v. State*, 283 Ga. 201, 203, 657 S.E.2d 842 (Ga. 2008) (after recognizing the right to effective assistance of conflict free counsel on appeal, the Georgia Supreme Court acknowledged its longstanding holding that "appellant's trial counsel could not reasonably be expected to assert or argue his own ineffectiveness on appeal[]" because "[c]ounsel prosecuting an ineffective assistance claim must be free to operate independently of the attorney whose performance is in question."); *See also Massaro v. United States*, 538 U.S. 500, 507, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (recognizing that if federal courts adopted a rule such as Georgia's relating to the timing of ineffective assistance of counsel claim then "[u]nder that rule a court on collateral review must determine whether appellate counsel is 'new[].'"); *Cf. Billy-Elko v. United States,* 8 F.3d 111, 115 (2nd Cir. 1993) (abrogated by *Massaro* changing the rule when claims of ineffective assistance of counsel must be brought in federal court, but recognizing that under a rule similar to Georgia's that "If the defendant has *new appellate counsel* on direct appeal, and the record is fully developed on the ineffective assistance issue, there is little reason to extend the defendant an unlimited opportunity to delay bringing the claim." (emphasis added)). To the extent that this Court disagrees with this longstanding principle, then Petitioner believes counsel was deficient and ineffective for failing to raise his

own effectiveness as it relates to the voluntariness of the plea on direct appeal. These issues alone differ among reasonable jurists.

Second, in relation to the underlying ineffective claims, this Court briefly addressed the advice Petitioner received regarding his possible sentence exposure and posited that the record did not support Petitioner's claims because (1) Petitioner signed the Plea Certification which indicated that he had been advised regarding his maximum possible sentence; (2) Petitioner affirmed at the plea hearing, under oath, that he had been advised regarding the maximum possible sentence; (3) the plea court informed Petitioner that each count carried not less than 15 nor more than 30 years; and (4) Petitioner's attorney provided an affidavit claiming that he advised Petitioner on many occasions that the court could run any or all of the counts consecutive. (Denial, pp. 6-7). This reasoning, however, like the District Court's denial of the § 2255 Petition, overlooks several constitutional facts that were outlined in the COA and ignores other crucial constitutional arguments completely.[1]

### A. The Record Does Not Establish that the Plea was Knowing and Voluntary

---

[1] For purposes of this Motion for Reconsideration, Petitioner has winnowed his issues to those that deal with the voluntariness of the plea based on the advice he received regarding his sentence exposure.

While Petitioner did sign the Guilty Plea of Rights Certification he did so the same day as the plea and it was not completed until after the plea was entered. Mr. Falgout both signed this Certification and made this representation to the court believing, based on counsel's advice, that 30 years was the maximum sentence that he was acknowledging. The form and advice given did not say the maximum possible sentence was life based on consecutive time considerations or that the court was mandated to impose such a sentence running all counts plead to consecutive to each other. There is no advice anywhere that the counts could run consecutive. When a defendant enters a plea to multiple counts a consequence of such a plea may result in consecutive time to achieve a sentence much less a guideline range. This is a possible outcome of which here the court believed was mandated. Such consequence is the very thing Rule 11 contemplates and mandates that such advice be given as part of the plea colloquy.

While the court did list the maximum for each count, it never explained that the sentence on each count could or had to run consecutively, exposing Petitioner to a mandated life sentence. Listing the 30 year maximum for each count affirms counsel's advice because Petitioner kept hearing a maximum of thirty years. It was with thirty years in mind that Petitioner signed the Guilty Plea of Rights Certification and made the representations at the plea hearing. On the record presented it is hard to believe any other interpretation was understood by the

Petitioner. Without a hearing on this issue alone there is no way to even suggest Petitioner entered a knowing plea to life in prison, according to the District Court mandated by the guideline range.

Additionally, while this Court in the Denial summarily credits counsel's claim that he told Petitioner the possibility that the court could run any or all of the counts consecutive, it ignores the evidence in the record that refutes this claim. Specifically, the Court never addresses the fact that there is no correspondence from counsel to Petitioner explaining the possibility of consecutive sentences. Further, the Court never addresses the arguments made by counsel during sentencing that reveal that he believed the statutory maximum was 30 years. Specifically, counsel argued that if congress intended the statutory maximum to be life they would have said so. (Crim. Doc. # 40, pp. 70-71). Finally, counsel's strategy reveals that he believed Petitioner was facing a maximum of thirty years. His single strategy of seeking a variance in a blind plea could not be based on an understanding that the Petitioner was exposed to life in prison. Rather, it is clear counsel was arguing for less than 30 years in line with what he had advised Petitioner his full sentencing exposure was.

Although the Court addresses the Supreme Court's recent decisions in *Missouri v. Frye*, 132 S. Ct. 1399, 1409 182 L. Ed. 2d 37 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) to reject the notion that counsel

should have negotiated a more favorable plea (Denial pp. 11-12), it ignores the fact that these cases also lend support to the fact that counsel was ineffective in failing to advise Petitioner regarding the consequences of the plea he was accepting. While counsel advised him to accept the plea, it was based on the same sort of deficient advice as was present in *Frye* and *Lafler* – *i.e.*, a faulty understanding of the facts and law. *See also See e.g., United States v. Berry*, 61 Fed. Appx. 797, 800 (3d Cir. 2003) ("However, the government does concede that if, as [the defendant] alleges, his attorney advised him that he faced a maximum sentence of ten years imprisonment upon conviction, counsel's advice was erroneous and therefore breached his duty 'to advise his client fully on whether a particular plea to a charge appears to be desirable.'"); *United States v. Gordon,* 156 F.3d 376, 380 (2d Cir. 1998) ("By grossly underestimating [the defendant's] sentencing exposure ..., [counsel] breached his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable." (citations omitted, emphasis added)); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981) ("When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences"); *Page v. Martuscello*, No. 10 Civ. 9699(JSR)(AJP), 2011 WL 3678820, at * 25 (S.D.N.Y. Aug. 23, 2011)("Trial counsel [] had a duty to inform [the defendant] about his maximum sentencing exposure so that [the defendant]

could make an informed decision whether to accept the twelve-year plea offer; to prevent coercion, he was free to advise [the defendant] that he thought consecutive sentences were extremely unlikely."). Clearly reasonable jurists would disagree regarding the application of these cases to Petitioners circumstances. Petitioner was given incorrect advice by his attorney and the court.

Critically, however, even ignoring the record evidence that refutes counsel's claim that he told Petitioner the possibility that the court could run any or all of the counts consecutive, even assuming *arguendo* that this advice was given, it was still ineffective given the court's belief that it was obligated to run all of the sentences consecutively. (Crim. Doc. # 40, pp. 70-71). Therefore, any advice that left open even the possibility of a concurrent sentence was ineffective as Counsel had to know what guidelines would be. If he did not know then he was ineffective related to misadvice about the guidelines themselves. Any gross miscalculation of the guidelines would apply here as ineffective assistance of counsel. The maximum 15-30 years versus an application of a guideline range of life, or more accurately 960 years in prison, is a gross miscalculation.

### B. The Denial Fails to Address Critical Arguments

The Denial completely overlooks Petitioner's constitutional and procedural argument regarding the court's obligation to advise Petitioner regarding his maximum possible sentence exposure and the possible due process violation as a

result of the court's belief that it was required to sentence Petitioner to the maximum possible sentence.

First, there can be no dispute that the court did not clearly indicate that each sentence could run consecutive; rather the court simply listed the maximum sentence for each count. A lay person is not equipped to understand this distinction, and in such a case as this should be advised of the true maximum sentence exposure a possible consequence required to be noticed pursuant to Rule 11.

As Petitioner argued in the COA, and this Court failed to address in the Denial, that Rule 11 states that the court is to advise a defendant of the maximum "possible" penalty…" Such "possible penalty" would have to be that the counts pled to can or will run consecutive depending on the guidelines. This is different than merely advising the sentences could run concurrently.  Even without guidelines that exceed 30 years a defendant has the right to know that a judge could run the counts consecutively to achieve a sentence the court deemed reasonable or in this case thought was required. (Rule 11(b)(H), see also Rule 11(b)(M)). For a defendant to truly understand the consequences of a plea, he must be told that a plea to multiple counts can result in consecutive sentencing. Informing a defendant about the direct consequences of his plea requires the court to inform the defendant of "any maximum possible "penalty, including

imprisonment, fine and term of supervised release", Rule 11(b)(1)(H). If the court believed a life sentence was mandated, a Defendant per Rule 11 is entitled to be so informed. This is an issue ripe for further review as it takes into consideration a Defendants due process rights under the 5th and 6th Amendment and reasonable jurist would disagree on the language of Rule 11 as applied here.

This court's decision in the Denial is contra to 11th Circuit jurisprudence. Illustrative of the correct way to handle a discussion of possible consecutive sentences at a plea hearing is the court's discussion in *United States v. Oliver*, 281 Fed. Appx. 898 (11th Cir. 2008), where the court mentioned the potential for consecutive sentences which was enough to alert a defendant of these consequences. In contrast, however, in the instant matter no such mention is evidenced in the record by the court or counsel. Other case law on advising of consecutive sentencing possibilities primarily deal with whether the court is obligated under Rule 11 to advise a defendant of the possibility of consecutive sentences in a federal case to a state case, something totally distinguishable from consecutive federal sentences in the same federal case. *See e.g.*, *United States v. Hahn*, 261 Fed. Appx. 90 (10th Cir. 2008) (here the court did not have to advise of consecutive sentencing in separate cases); *United States v. Ospina* 18 F.3d 1332 (6th Cir. 1994)(again discussing consecutive federal sentencing with state sentencing); *United States v. Parkins*, 25 F.3d 114 (2d Cir. 1994) (same). This

issue has not been decided by the court on a federal level as applied to federal cases.

Further, the sentencing court did not only believe that it was permitted to impose consecutive sentences, but that it was obligated to do so. That is, the court specifically stated that congress expected consecutive sentences on these cases and that the statute provided such disposition. (Doc #40 pp. 70-71). The case law, however, is not clear on this issue. Nevertheless, if this is what the court thought, Petitioner had an absolute *right* to know under the true language of Rule 11. ("any maximum **possible** "penalty, including imprisonment, fine and term of supervised release", Rule 11(b)(1)(H)).

Parenthetically, assuming *arguendo* that the language of Rule 11 is ambiguous as it relates to advising defendants of the consecutive nature of multiple counts as a possible penalty, then the Rule of lenity applies and the advice to a defendant should include at the very least the possibility of consecutive sentences in multiple count cases. (Counsel never objected to the court's interpretation of the guidelines, congressional intent or the requirements espoused pursuant to Rule 11 of the Federal Rules of Criminal Procedure).

Finally, the Denial overlooked Petitioner's argument that this Court needs to resolve the issue of whether the District Court's conclusion that it was mandated to impose a consecutive sentence was error to such a degree as to constitute a

miscarriage of justice, plain error or a direct violation of a defendants due process rights. Counsel never objected to or appealed this issue and not to object or appeal such a severe question of law was ineffective.

There can be no doubt that had the court complied with its constitutional obligations to advise Petitioner regarding his sentence exposure and advised him that by entering the plea that he faced 960 years in prison based on the guidelines alone, and that the court would be obligated to impose such a sentence, that Petitioner would have refused to enter the plea. Petitioner received absolutely no benefit under the terms of the plea. His only reason for entering the plea was to argue for a sentence less than what he believed to be the range – 15-30 years and, as he alleged, he would have never entered the plea knowing that he faced 960 years. Counsel and the court's deficient advice resulted in the deprivation of Petitioner's Constitutional rights.

## II.     A Certificate of Appealability is Appropriate

While Petitioner certainly agrees with this Court's discussion of the standard for granting a Certificate of Appealability in the Denial, as is outlined above, Petitioner has met this standard and made an ample showing that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Such a constitutional right is based on the interpretation of

Rule 11 requirements, counsel's obligations and a sentencing courts understanding of the law. Because this case presents debatable constitutional claims this Honorable Court should allow for further briefing and review of the issues presented. That is, the granting of a COA is normally based on a determination by the court of appeals that one or more issues presented in the COA are worthy of further review by determining that the issues involved are debatable among reasonable jurists, another court would resolve the issue(s) differently or the issue(s) deserve encouragement to proceed further. *Miller-El v Cockerell*, 537 U.S. 322, 335-37, 123 S.Ct. 1029 (2003) and *Slack, supra.* In the instant matter, such a showing was made.

Accordingly, this Honorable Court should reconsider this case in the granting of a COA on the issue(s) presented that deal with a defendant's right to be made aware of the <u>full</u> "consequences" of entering a plea pursuant to Rule 11 which include the reality that the court can impose a sentence in multiple count cases consecutively or concurrent and to decide if a court errs when believing a consecutive sentence is mandated to achieve a particular guideline sentence. This court should allow the following for further consideration and legal analysis.

1. **Is a defendant denied due process under the fifth and sixth amendment when not advised during a plea colloquy by the court or counsel that a plea to multiple counts in the indictment could result in a maximum**

**sentence achieved by running all counts consecutive which is a direct consequence of the plea and thus required advice pursuant to Rule 11?**

2. **Is there a miscarriage of justice or ineffective assistance of counsel, a violation of a Defendants' due process rights, when the sentencing court erred and counsel failed to object to the court error when the court stated that in a multiple count case the sentence on each count *must* run consecutive to achieve the determined guideline sentence?**

These issues are ripe for further review and present a substantial constitutional question debatable among reasonable jurists. Specifically, as is outlined above and in the COA pleadings, reasonable jurists would find it debatable and, therefore this Court should grant a COA. Counsel was ineffective in failing to object to the court's belief that consecutive sentencing was mandatory if the guidelines exceeded the maximum sentence on any one count.

Notably, under *Slack*, a COA does not require a showing that the appeal will succeed. Accordingly, the application for a COA should not be denied merely because the court believes the petitioner will not prove an entitlement to relief. See *Miller-El v. Cockerell,* 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (finding that "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.").

**WHEREFORE**, Petitioner respectfully requests that this Court reconsider its denial of Petitioner's Certificate of Appealability and review the issues presented herein as the Petitioner has made a substantial constitutional showing that his constitutional rights under the Fourth and Sixth Amendment to the United States Constitution were violated and continue to be violated.

Respectfully submitted,

/s/Marcia G. Shein
MARCIA G. SHEIN
Federal Bar No. 53667
GA State Bar No. 639820
2392 North Decatur Road
Decatur, Georgia 30033
(404) 633-3797
(404) 633-7980(Fax)
Marcia@msheinlaw.com

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the above referenced document via the CM/ECF system, which will be electronically delivered to Laura D. Hodge and Mary Stuart Burrell at the U.S. Attorney's office.

This 8th day of January, 2014.

                                            Respectfully submitted,

                                            /s/Marcia G. Shein
                                            Marcia G. Shein
                                            Counsel for Petitioner
                                            Georgia Bar No. 639820
                                            Federal Bar No. 53667
                                            2392 North Decatur Road
                                            Decatur, Georgia 30033
                                            (404) 633-3797
                                            (404) 633-7980 (fax)